


**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**TRISH M. BROWN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

September 2, 2015

**VIA CM/ECF**

James D. Huffman
P.O. Box 973
St. Helens, OR 97051

Gregory B. Soriano
16100 NW Cornell #160
Beaverton, OR 97006

Re: *Burgmans v. Concho*, Adv. Proc. 15-3060-tmb
*In re Burgmans*, Case No. 13-37775-tmb13
Defendant's Motion for Partial Summary Judgment

Dear Counsel:

On July 27, 2015, defendant Dora Lee Concho filed a motion for partial summary judgment in the above-captioned case (ECF No. 20, the "Motion"). The Motion seeks judgment for Ms. Concho on Debtor's third and fourth causes of action. Debtor did not timely respond to the Motion, but did file an unopposed motion to extend the time to respond. I granted the motion to extend, and Debtor filed a response on August 24, 2015 (ECF No. 26, the "Response"). I have carefully read Ms. Concho's memorandum and supporting declaration, Debtor's Response, Ms. Concho's reply brief, and the operative pleadings in this case; I have also conducted my own review of applicable legal authorities. This letter announces my decision.

**I.     Preliminary Matters**

Debtor urges the court to deny the Motion because "defendant chose to file this motion at such a late date." Resp. at 2. For quite some time, the trial in this proceeding has been set for September 14, 2015. *See* Notice of Hearing (ECF No. 14). Under Local Bankruptcy Rule 7056-1(a)(3), Ms. Concho's deadline to move for summary judgment (as adjusted by operation of Federal Rule of Bankruptcy Procedure 9006(a)(1)(c)) was July 27, 2015. Ms. Concho's motion was filed on July 27, and was therefore timely. Any delay has been caused by Debtor, whose response deadline (under Local Bankruptcy Rule 7007-1(b)(3)(A)) was August 10, 2015,

but who did not move for an extension of time until August 17.[1] Debtor cannot use his own delay as a weapon to defeat Ms. Concho's motion.

Debtor also complains that Ms. Concho filed the Motion *pro se*, even though she is represented by an attorney. The court agrees that this procedure is unorthodox and cautions Ms. Concho and her counsel not to employ this method of filing again. Nonetheless, instead of promptly objecting to the Motion on this basis, Debtor has waited until this late date to raise the issue, after the court has spent considerable time and resources evaluating the Motion. I will therefore exercise my discretion to address Ms. Concho's Motion on the merits.

## II.  Third Cause of Action: California Judgment

Debtor alleges that Ms. Concho obtained "a judgment for child support issued by the State of California." Complaint (ECF No. 1) ¶ 16. As his third cause of action, Debtor seeks a declaratory judgment that "the claim by the defendant of a judgment for child support issued by the State of California is null and void and without legal effect based on a lack of personal jurisdiction of the defendant at all times relevant to the said judgment." *Id.* Ms. Concho moves for summary judgment on the basis that there is no "California judgment." Motion at 7-8. Debtor admits that there is no California judgment (Resp. at 3), but—confoundingly—still opposes Ms. Concho's motion for summary judgment.

This court is empowered to issue declaratory judgments pursuant to the federal Declaratory Judgment Act, which requires "a case of actual controversy." 28 U.S.C. § 2201(a). This requirement means that a federal court "may grant relief in an action [for declaratory judgment] if there is 'a real and substantial controversy admitting of specific relief through a decree of conclusive character, *as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.*'" *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1230 (9th Cir. 1998) (*quoting Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937) (emphasis by Ninth Circuit)).

Debtor has asked for a declaration that the alleged California judgment is void, even though he knows there is no such judgment. In his Response, Debtor changes course and makes vague allegations regarding "defendant's California legal proceedings" without having introduced any evidence of the existence or nature of such proceedings. Debtor's third cause of action clearly seeks an advisory opinion based on a shifting series of vaguely-described facts that are largely hypothetical. Accordingly, this claim is not based on an actual controversy, and Ms. Concho's motion for summary judgment as to the third cause of action will be granted.

---

[1] Not only was Debtor's Response untimely, but Debtor failed to respond to Ms. Concho's concise statement of material facts as required by LBR 7056-1(b)(1), and the Response is not paginated as required by LBR 9004-1(a)(9)(D). The Court advises counsel for the Debtor to familiarize himself with all applicable local rules before filing additional documents in this proceeding.

### III. Fourth Cause of Action: Oregon Judgment

On July 31, 2014, the Oregon Circuit Court for Columbia County ("State Court") entered a general judgment (the "Judgment") in *Burgmans v. Concho*, Case No. 12-3126. Concho Decl. (ECF No. 20), Exh. 1. Among other things, the Judgment requires Debtor to pay Ms. Concho child support of $924 per month. *Id.*, Exh. 1 at 17.

For his fourth cause of action, Debtor alleges that the "portion of [the Judgment] that is attributed to the potential income from the property of the bankruptcy estate" is void because it was entered in violation of the automatic stay. Compl. ¶ 17.

Upon the filing of a bankruptcy petition, the debtor is immediately protected by the automatic stay that arises under section 362(a) of the Bankruptcy Code. *Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir. 2009). Although the scope of the automatic stay is broad, numerous exceptions from the stay are set forth in section 362(b). As relevant here, a bankruptcy petition does *not* act as a stay "of the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations." 11 U.S.C. § 362(b)(2)(A). As explained below, this statutory exception applies to the Judgment obtained by Ms. Concho.

Prior to Debtor's bankruptcy petition, the State Court entered a limited judgment of support in favor of Ms. Concho. Concho Decl., Exh. 4. On February 13, 2014, this Court entered an order that expressly stated "consistent with 11 U.S.C. § 362(b)(2), there is no automatic stay in effect with respect to proceedings to establish or collect domestic support obligations or concerning child custody or visitation." Order Denying Mot. for RFS (Main Case, ECF No. 28). On May 5, 2014, the State Court conducted a trial at which both parties appeared, and thereafter entered the Judgment. Concho Decl., Exh. 1.

It is unclear how the Judgment can be viewed as anything other than the "establishment or modification" of a domestic support obligation. *See Allen v. Allen*, 275 F.3d 1160, 1164 (9th Cir. 2002) ("To the extent [debtor's ex-wife] seeks modification of her maintenance award . . . or seeks to challenge the state court's calculation and award of maintenance, these proceedings fall within the exemption [of § 362(b)(2)(A)(ii)].")· Undeterred by the relatively straightforward wording of the Judgment, Debtor's Response recklessly mischaracterizes the State Court proceedings, repeatedly claiming that Ms. Concho and the State Court sought to "seize," "commandeer," and "usurp" property of the bankruptcy estate. Resp. at 4, 5, 10, and 12. Despite these hyperbolic claims, there is no evidence in the record suggesting that the State Court did anything other than issue a judgment that included a child support award.

Debtor's true grievance seems to be that the State Court took property of the bankruptcy estate into account when calculating the support. This complaint is ill-founded for two reasons. First, Congress has amended the automatic stay to allow state courts to establish child support awards, and nowhere does the statute require courts to employ evidentiary blinders when making support calculations. Second, to the extent that the State Court erred by including income from property that may be disposed of through bankruptcy proceedings, then Debtor must seek relief in State

Court. It is well established under the *Rooker-Feldman* doctrine that this court cannot review final judgments of state courts. *Reusser v. Wachovia Bank*, 525 F.3d 855, 858-859 ("The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments.").

It is true that an action to *collect* domestic support from a debtor can sometimes violate the automatic stay (*see* 11 U.S.C. § 362(b)(2)(B)); but, there is no evidence that Ms. Concho did anything other than *establish* the amount of the support to which she was entitled. Because Debtor has not shown that Ms. Concho took any actions that were not within the scope of section 362(b)(2), Ms. Concho's motion for summary judgment as to Debtor's fourth cause of action will be granted.

## IV.     Conclusion

Ms. Concho is entitled to summary judgment as to Debtor's third and fourth causes of action. Debtor's remaining claims, and Ms. Concho's counter-claim, remain at issue, and are scheduled for trial on September 14, 2015 at 9:00 a.m. Counsel for Ms. Concho should upload an order granting the Motion no later than September 9, 2015.

Very truly yours,

Trish M. Brown
Bankruptcy Judge