DISTRICT OF OREGON
**F I L E D**
January 13, 2016
Clerk, U.S. Bankruptcy Court

Below is an Opinion of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | Bankruptcy Case No. 13-37775-tmb13 |
| EDUARD BURGMANS, | |
| Debtor. | |
| EDUARD BURGMANS, | Adversary Proceeding No. 15-3060-tmb |
| Plaintiff, | |
| | OPINION RE: MOTION FOR ATTORNEY FEES |
| v. | |
| DORA LEE CONCHO | |
| Defendant. | |

This matter came before the court on defendant Dora Lee Concho's Statement of Attorney Fees (ECF No. 54, the "Motion"), which the court has construed as a motion for attorney fees under 28 U.S.C. § 1927. Debtor Eduard Burgmans filed a response to the Motion on November 19, 2015 (ECF No. 55, the "Response") and additional briefing on December 29, 2015 (ECF No. 60, the "Supplemental Response"). In order to clarify the substance and procedural posture of the Motion, the Court issued an Order to Show Cause (ECF No. 57) and held a hearing on January 6, 2016.

Debtor commenced this proceeding on April 21, 2015, by filing a complaint (ECF No. 1, the "Complaint") consisting of four causes of action. Defendant's Motion is directed at Debtor's third and

Page 1 - OPINION RE ATTORNEY FEES

fourth causes of action. The third cause of action requests a declaratory judgment that Defendant's "California support judgment" is void. The fourth cause of action requests a declaratory judgment that Defendant's Oregon child-support judgment is void because it was allegedly entered in violation of the automatic stay. Defendant received summary judgment on the third and fourth causes of action on September 8, 2015. *See* ECF No. 42, Order Granting Defendant's Motion for Summary Judgment.

An award of attorney fees under 28 U.S.C. § 1927 must be supported by a finding of either recklessness or bad faith. *In re Keegan Mgmt. Co. Securities Litig.*, 78 F.3d 341, 436 (9th Cir. 1996). If "a filing is submitted recklessly, it must be frivolous, while if it is not frivolous it must be intended to harass." *Id*. Bad faith occurs "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Reckless behavior includes "decisions that reflect a reckless indifference to the merits of a claim." *Reliance Ins. Co. v. Cerberus Ltd.*, 792 F.2d 1137, 1138 (D.C. Cir. 1986). Because § 1927 only allows for sanctions against an "attorney or other person admitted to conduct cases," the Motion must be construed as seeking attorney fees not from Debtor, but from Debtor's attorney James Huffman.

Debtor's briefing is of limited utility, as it generally addresses other bases for sanctions, upon which Defendant is *not* relying. For example, half of the Reply discusses sanctions under Federal Rule of Civil Procedure 11. Defendant does not seek sanctions under FRCP 11 (nor could she, since bankruptcy proceedings are not even subject to FRCP 11, but instead are governed by the sanctions provisions of Federal Rule of Bankruptcy Procedure 9011).

Section 1927 only authorizes sanctions for the "multiplication of proceedings" and therefore does not apply to an initial pleading such as Debtor's complaint. *Keegan Mgmt.*, 78 F.3d at 435. Consistent with this principle, Defendant only seeks attorney fees for the time involved in responding to Debtor's opposition to summary judgment on the third and fourth causes of action.

I find no evidence that Mr. Huffman litigated in subjective bad faith for the purpose of harassing Defendant. Accordingly, to receive attorney fees, Defendant must show that Mr. Huffman's opposition to

summary judgment was both reckless and frivolous. Because summary judgment involved two different causes of action, I will consider each one separately.

As to the third cause of action, I find that Mr. Huffman's response to the summary judgment motion (ECF No. 26) was reckless because he conceded that the alleged California support judgment did not exist, yet he continued to oppose summary judgment on this claim. Mr. Huffman's argument was frivolous not just because the alleged judgment did not exist, but also because it is well settled that federal courts cannot overturn final judgments of state courts. Mr. Huffman's allegation in the Complaint of a non-existent judgment indicates that he recklessly failed to investigate the factual background of his case. By itself, this is not sanctionable because it involves an initial pleading. However, once Defendant raised the non-existence of the judgment, it was incumbent on Mr. Huffman to either produce contrary evidence, withdrawal the claim, or concede that summary judgment was proper. Continuing to oppose summary judgment based on a frivolous legal argument is sanctionable under 28 U.S.C. § 1927.

Mr. Huffman's position at oral argument was thoroughly unpersuasive. He first attempted to claim that there was an adequate basis to form a reasonable belief that Defendant had obtained a California judgment. This was based solely on correspondence from the Orange County (California) Department of Child Support Services. *See* Supp. Decl. of James Huffman (ECF No. 61), Exh. A. The problem is that Mr. Huffman still has failed to show a scintilla of evidence supporting his contention that Defendant (or any government agency) ever alleged the existence of a California *judgment*. All Mr. Huffman has shown is that a California agency was attempting to collect support. This fact is revealed by Defendant's very proof of claim, which shows that on June 26, 2012, the Oregon Division of Child Support "received a child support petition from the California Department of Child Support Services, requesting that DCS establish current support, medical support, and past support . . . for the children." Proof of Claim 2-1, at 32. Contrary to suggesting the existence of a California judgment, this strongly implies that there is no California judgment—if there had been a valid judgment from a California court, then the California agency would not have gone to the trouble of asking a foreign government to establish the appropriate amount of support.

Mr. Huffman further argued that Defendant's counsel had alleged in a prior hearing that Debtor's child support arrearage was approximately $40,000. The court reviewed the record of the July 30, 2015, confirmation hearing. At that hearing, Debtor's counsel stated that the arrearage was $25,000, and Defendant's counsel simply stated "it's closer to forty." That is the sum totality of the exchange. The court would remind Mr. Huffman that he filed an action asking this court to invalidate an alleged judgment of a state court. A simple disagreement over the amount of a claim is far too slender of a reed upon which to hang such a cause of action.

As for the fourth cause of action, I do not find that Mr. Huffman's opposition to summary judgment was reckless. Certainly, his argument lacked merit; however, the Oregon judgment was entered while the automatic stay was in force. Although this court easily concluded that entry of the judgment did not violate the stay, the prima facie elements of a colorable claim were at least present. I therefore find that Mr. Huffman's opposition to summary judgment on the fourth cause of action, while unpersuasive, was not sanctionable.

Having found that Mr. Huffman's opposition to summary judgment on the third cause of action was reckless and frivolous, I turn now to the matter of calculating an appropriate attorney-fee award. Defendant asks for her fees incurred in responding to Debtor's opposition to summary judgment, and fifty percent of fees attributable to trial preparation. Because I find Mr. Huffman's opposition to summary judgment on the fourth cause of action is not sanctionable, I therefore conclude that Defendant should receive fifty percent of her fees associated with her summary judgment reply brief and drafting the order granting summary judgment. After reviewing Defendant's fee itemization and eliminating fees for unrelated matters (such as negotiating a stipulated order extending time for Debtor's response to the summary judgment motion), I find that the total fees attributable to responding to Debtor's opposition are $687.50. I therefore award Defendant half of that amount, or $343.75.

As for trial preparation fees, I agree that some award is appropriate. The trial schedule was such that Defendant did have to prepare for trial on the third cause of action. Nonetheless, the third cause of action was not fact-intensive, and I conclude that the appropriate award is twenty percent of the hours billed for

Page 4 - OPINION RE ATTORNEY FEES

trial preparation. After excluding billed time that is clerical in nature, I find that the total billing for trial preparation is $1,237.50. I award Defendant twenty percent of that amount, or $247.50. This brings the total amount awarded to $591.25. The court will enter an order concurrent with the docketing of this opinion.

###

cc: James D. Huffman
Gregory B. Soriano

Page 5 - OPINION RE ATTORNEY FEES